UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY MANN,

        Plaintiff,                              Hon. Ellen S. Carmody

v.                                                  Case No. 1:15-CV-243

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. On June 4, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #9).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons articulated herein, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 36 years of age on her alleged disability onset date. (PageID.155).  She successfully completed high school and worked previously as a home attendant.  (PageID.47). Plaintiff applied for benefits on August 13, 2012, alleging that she had been disabled since June 27, 2012, due to mental stress and neck problems. (PageID.155-59, 187). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.90-153).  On September 16, 2013, Plaintiff appeared before ALJ Joseph Doyle with testimony being offered by Plaintiff and a vocational expert. (PageID.54-88). In a written decision dated November 7, 2013, the ALJ determined that Plaintiff was not disabled. (PageID.37-49). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.23-28). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a

---

[1] 1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c),

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) fibromyalgia; (2) musculoskeletal impairment of the spine with history of cervical laminectomy and reported headaches; (3) mood and

---

416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

anxiety disorders, not otherwise specified; and (4) history of cognitive/learning disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (PageID.39-41).  With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can never climb ladders, ropes, or scaffolds; (2) she can occasionally climb ramps and stairs; (3) she can occasionally stoop, kneel, crouch, crawl, and balance; (4) she can frequently reach overhead, handle, and perform gross manipulations with her left upper extremity; and (5) she is limited to simple, routine, and repetitive work.  (PageID.41).

The ALJ found that Plaintiff cannot perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).  This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy.  *See Richardson*, 735 F.2d at 964.  Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 8,500 jobs in the state of Michigan, and approximately 289,000 jobs nationwide, which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.84-86). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

**I.        The Treating Physician Doctrine**

On June 4, 2013, Dr. Charles Schultz completed a brief form regarding Plaintiff's functional abilities. (PageID.760-761). The doctor reported that Plaintiff can "never" lift/carry ten pounds and can stand and/or walk less than two hours during an 8-hour workday. (PageID.760). The doctor concluded that Plaintiff was "completely disabled." (PageID.761). On other occasions, the doctor simply concluded that Plaintiff was "unable to work." (PageID.744, 750, 755). The ALJ afforded "little weight" to Dr. Schultz's opinions. (PageID.44). Plaintiff argues that she is entitled to relief because the ALJ's rationale for discounting the opinions of her treating physician is not supported by substantial evidence.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion

"is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

Plaintiff's argument fails for two reasons. First, the aforementioned June 4, 2013 report by Dr. Schultz was never presented to the ALJ, but was instead first presented to the Appeals Council. (PageID.23-27). Because this particular opinion was not presented to the ALJ, Plaintiff cannot obtain relief on the ground that the ALJ failed to properly assess such.[2] Second, Dr. Schultz's statements that Plaintiff was "unable to work" are entitled to no weight because the determination of disability is a matter left to the commissioner. *See* 20 C.F.R. § 404.1527(d)(1). In sum, the ALJ's assessment of Dr. Schultz's opinions is supported by substantial evidence. Accordingly, this argument is rejected.

## II. Section 12.05 of the Listing of Impairments

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff argues that she is entitled to relief because the ALJ improperly determined that she does not satisfy Section 12.05 (Intellectual Disability) of the Listing. Section 12.05 of the Listing provides, in relevant part, the following:

> 12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

---

[2] This Court cannot consider evidence first presented to the Appeals Council. See *Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996). However, if Plaintiff can demonstrate that the evidence in question is new and material, and that good cause existed for not presenting it to the ALJ, the Court can remand the case for further proceedings during which this new evidence can be considered. *Id.* at 148. Plaintiff has not requested that this matter be remanded for this purpose, thus waiving relief on this basis. *See, e.g., Porzillo v. Department of Health and Human Services*, 369 Fed. Appx. 123, 132 (Fed. Cir., Mar. 12, 2010) (claimant "waves any arguments that are not developed"); *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 519, 537 n.25 (10th Cir. 2000) (same).

>   The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
>   A.  Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
>
>   OR
>
>   B.  A valid verbal, performance, or full scale IQ of 59 or less;
>
>   OR
>
>   C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function;
>
>   OR
>
>   D.  A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>
>       1.  Marked restriction of activities of daily living; or
>
>       2.  Marked difficulties in maintaining social functioning; or
>
>       3.  Marked difficulties in maintaining concentration, persistence or pace; or
>
>       4.  Repeated episodes of decompensation, each of extended duration.

20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.05.

Specifically, Plaintiff asserts that she satisfies sections 12.05(C). Cognitive testing performed in 2010 revealed that Plaintiff possessed a full-scale IQ of 69. (PageID.684-85). Plaintiff

9

must also satisfy, however, the requirements articulated in the introductory paragraph of Section 12.05. 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00(A). Specifically, Plaintiff must establish that she satisfied the "diagnostic description" of intellectual disability articulated in the introductory paragraph of Section 12.05. *Cooper v. Commissioner of Social Security*, 217 Fed. Appx. 450, 452 (6th Cir., Feb. 15, 2007); *see also*, *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (to satisfy Section 12.05, the claimant must demonstrate that she experienced deficiencies in adaptive functioning prior to attaining the age of 22).

While Plaintiff alleges that she participated in special education classes as a youth, she nevertheless successfully completed high school which supports the ALJ's conclusion that Plaintiff did not satisfy this Listing. *See Sheeks v. Commissioner of Social Security*, 544 Fed. Appx. 639, 641-42 (6th Cir., Nov. 20, 2013). Plaintiff has also failed to present evidence that she experienced, prior to age 22, deficits in adaptive functioning, such as an inability to care for herself or handle social situations. *See Id.* at 642. While there exists evidence that Plaintiff experiences a certain level of cognitive impairment, Plaintiff's various activities, including working for several years, are inconsistent with a conclusion that Plaintiff satisfies this Listing. *See, e.g., Burrell v. Commissioner of Social Security*, 2000 WL 1827799 at *2 (6th Cir., Dec. 8, 2000) (no evidence of a deficit in adaptive functioning where claimant "remained fairly active, maintains an interest in his household, and enjoys apparent satisfactory relationships with family members").

The burden rests with Plaintiff to demonstrate that she satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002). The ALJ evaluated the evidence of record and determined that Plaintiff failed to meet her burden in this regard. The ALJ's decision is supported by substantial evidence.

**III.**     **Fibromyalgia**

As noted above, the ALJ found that Plaintiff suffers from fibromyalgia. Plaintiff argues, however, that the ALJ failed to comply with Social Security Ruling 12-2 when evaluating her fibromyalgia and the extent to which such impairs her ability to function. Plaintiff argues that as a result the ALJ's residual functional capacity assessment is not supported by substantial evidence. The Court agrees.

Social Security Ruling 12-2, Evaluation of Fibromyalgia, "provides guidance on how we develop evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how we evaluate fibromylagia in disability claims and continuing disability reviews under titles II and XVI of the Social Security Act." Social Security Ruling, SSR 12-2p; Titles II and XVI: Evaluation of Fibromyalgia, 2012 WL 3104869 at *1 (S.S.A. July 25, 2012). As is well recognized, the cause of fibromyalgia is "unknown" and "its symptoms are entirely subjective." *Fowler v. Colvin*, 2014 WL 4840582 at *4 (S.D. Ind., Sept. 29, 2014) (citation omitted). The use of the term "subjective" in this context "is not intended to be disparaging but only descriptive" and simply reflects that "[t]here are no laboratory tests for the presence or severity of fibromyalgia." *Id.* (citations omitted). Accordingly, when assessing the residual functional capacity of a claimant suffering from fibromyalgia, the ALJ must do more than simply point to the results of objective testing. Social Security Ruling 12-2p, 2012 WL 3104869 at *6.

The ALJ in this case, however, diminished the impact of Plaintiff's fibromyalgia by asserting that the results of objective medical testing failed to confirm the existence or alleged severity of Plaintiff's fibromyalgia. (PageID.43-45). This shortcoming was compounded by the ALJ's assessment of Plaintiff's activities. Plaintiff testified that her ability to consistently function

for sustained periods of time was severely limited due to her fibromyalgia, an assertion supported by the record. The ALJ, however, afforded little weight to such testimony on the ground that such was not supported by the results of objective medical testing. (PageID.41-43).

A claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 116 (6th Cir., Nov. 18, 2010). The ALJ's conclusion that Plaintiff can perform a wide range of light work on a regular and continuing basis is not supported by substantial evidence. Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

### IV.        Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence

to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.

Date: March 29, 2016            /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                United States Magistrate Judge